UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. DOE,<br>   Plaintiff,<br> v.<br>KIMBERLY MITCHELL, et al.,<br>   Defendants. | Case No. 18-cv-06261-HSG<br><br>***SUA SPONTE* REMAND ORDER** |

Plaintiff J. Doe filed this complaint in the Superior Court of California for San Mateo County on September 13, 2018, against Defendants Kimberly Mitchell Sorensen ("Kimberly Sorensen") and her mother Earline Mitchell. Dkt. No. 1-4 ("Compl."). On October 12, 2018, Earline Mitchell removed this action to federal court on the basis of diversity jurisdiction. Dkt. No. 1. For the following reasons, under 28 U.S.C. § 1447(c), the Court *sua sponte* remands this case to the Superior Court of California for San Mateo County for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff is a citizen of California, Compl. ¶ 2, as is Defendant Kimberly Sorensen, Dkt. No. 28 at 1. Defendant Kimberly Sorensen's mother, Defendant Earline Mitchell, is a citizen of Alabama. Dkt. No. 1 at 2. According to Plaintiff, Defendants allegedly made false statements to third parties and governmental entities about Plaintiff, claiming that Plaintiff had committed crimes. Compl. ¶¶ 11–15. Plaintiff brings four causes of action under California law against Defendants: (1) defamation under California Civil Code § 46; (2) intentional infliction of emotional distress; (3) invasion of privacy; and (4) abuse of process. *Id*. ¶¶ 9–40. On February 14, 2019, Defendants filed a special motion to strike under the California Anti-SLAPP statute and

1    a motion to dismiss. Dkt. No. 18. Defendants' motion to dismiss included arguments to dismiss
2    Defendant Earline Mitchell for lack of personal jurisdiction and to dismiss both Defendants based
3    on insufficient process. *Id*. at 17–20. The Court held a hearing on the motion on April 18, 2019,
4    and asked the parties to brief whether there is complete diversity in this case, and whether the
5    Court is required to continue exercising jurisdiction if it is established that there is no diverse
6    defendant. Dkt. Nos. 26, 27. The parties submitted their supplemental briefs on April 17, 2019.
7    Dkt. Nos. 28, 29.

## II. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction, and "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (quotations omitted). Consistent with this foundational principle, there is a "'strong presumption' against removal jurisdiction," and the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 937 (9th Cir. 2006). The district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "It is well established that 'lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.'" *Id*. at 966–67 (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

## III. DISCUSSION

Federal courts have diversity jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Defendants removed this action based on diversity jurisdiction, claiming that "Plaintiff is a citizen of California, Defendant Earline Mitchell is a citizen of Alabama, and no forum-state Defendant has yet been served." Dkt. No. 1 at 2. In Defendants' supplemental brief, they concede that Defendant Kimberly Sorensen and Plaintiff are both California citizens, Dkt. No. 28 at 1.

However, Defendants allege that because Defendant Kimberly Sorensen, a "forum defendant," was not served, Earline Mitchell, "a diverse defendant," could still "remove from state court to federal court" notwithstanding the absence of complete diversity here. *Id*. at 2.[1]

The Supreme Court and Ninth Circuit have expressly rejected Defendants' apparent position that an unserved defendant's citizenship is not considered in determining whether complete diversity exists. *See, e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939); *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1331 (9th Cir. 1983); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("[a] nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant" (citing *Pullman*, 305 U.S. 534)). As the Ninth Circuit explained in *Vitek*, "[w]henever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." 412 F.2d at 1176.

Further, Defendants' primary case advanced in support of their proposition, *Regal Stone Ltd. v. Longs Drugs Stores California, LLC*, 881 F. Supp. 2d 1123 (N.D. Cal. 2012) is inapposite, as that case discusses an exception to the forum defendant rule when the forum defendant has not been served, not an exception to the complete diversity requirement. The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), bars removal when defendant "is a citizen of the state in whose court the action originated," and the rule "embodies the notion that a defendant cannot complain of being haled before the courts of his or her own state." *Regal Stone*, 881 F. Supp. 2d at 1126. The

---

[1] Defendants acknowledge that "it may be argued that this interpretation of the federal removal statute permits gamesmanship by defendants who closely monitor state court dockets so as to remove before plaintiffs have had an opportunity to serve process . . . ." Dkt. No. 28 at 2. The Court agrees that "gamesmanship" is the right word to describe Defendants' actions here. The purported basis for removability was that Defendant Kimberly Sorensen, the California resident, had not been served before Defendant Earline Mitchell, the Alabama resident, sought removal. Of course, it is undisputed that Earline Mitchell has not been served *either*. Dkt. No. 1 at 1 ("As of the date of this Notice of Removal, Plaintiff has not served any Defendant."); Dkt. No. 18 at 2 ("Yet Plaintiff still has not served Defendants with the Complaint or Summons."). So Defendants' theory that one unserved defendant can rush from state to federal court based on the fact that another defendant has not yet been served makes little practical sense. In any event, because the Court has no subject matter jurisdiction, it need not grapple in this case with the problematic implications of Defendants' reading of the forum defendant rule.

3

Ninth Circuit has held that the forum defendant rule is a "procedural, or non-jurisdictional, rule," and is an "*additional limitation* on diversity-based removal jurisdiction." *Lively*, 456 F.3d at 939 (emphasis added). Whether the forum defendant rule bars or allows removal is thus distinct from the foundational question of whether there is complete diversity, which must exist for the Court to have subject matter jurisdiction at all. *See id*. at 938; *see also Boren Found. v. HHH Inv. Tr.*, 295 F. App'x 151, 152 (9th Cir. 2008) ("Because [the party] has failed to establish diversity of citizenship, the district court lacked subject matter jurisdiction and should have dismissed the action.").

Importantly, in *Regal Stone*, no one disputed that there was complete diversity, such that the Court clearly had subject matter jurisdiction. *See id*. at 1124, 1126 and n.5. The question was whether the defendants could still remove to federal court, despite the forum defendant rule, when the California defendants had not been served. *Id*. at 1126. The court in *Regal Stone* never addressed whether lack of service on a non-diverse defendant could somehow waive the jurisdictional requirement of complete diversity. This Court finds that neither *Regal Stone* nor any other authority supports Defendants' claim that removal was appropriate based on the undisputed facts here.

Because Defendant Kimberly Sorensen and Plaintiff are citizens of California, complete diversity is lacking, and the Court does not have subject matter jurisdiction over this case.

**IV. CONCLUSION**

The Court **ORDERS** this case **REMANDED** to the California Superior Court for San Mateo County. Defendants' special motion to strike and motion to dismiss, Dkt. No. 18, is **DENIED AS MOOT**. The Clerk is directed to remand the case and close the file.

**IT IS SO ORDERED.**

Dated: 4/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge